UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RUTH M. OEHLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06 CV 055 |
| | ) | |
| WAL-MART STORES EAST, LP, and, | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION and ORDER

Plaintiff has moved to remand from this court to the Porter Superior Court of Indiana. (Docket # 7.) For the reasons set forth below, plaintiff's motion to remand is **DENIED**.

**I. BACKGROUND**

Plaintiff, Ruth M. Oehlman ("plaintiff"), a resident of Kouts, Indiana, filed a complaint in Porter County, Indiana, on November 4, 2005, alleging that Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. ("defendant"),[1] did not use reasonable care to protect plaintiff from hazardous conditions on its premises by failing to keep the store aisles clear. (Pl.'s Compl., docket # 1, ¶¶ 5, 6.) Plaintiff asserts that she was injured on a

---

[1] Although there are two parties named as defendants in this case, the parties seem to indicate that Wal-Mart Stores, Inc., may have been named in error. (*See* Pl.'s Mot. for Remand, docket # 7; Def.'s Answer, docket # 2; Def.'s Notice of Removal, docket # 3.) Aside from the complaint, all of the parties' filings have consistently referred to defendants with the singular form "defendant." Accordingly, the court does the same for purposes of this order only.

pallet containing melons in the produce department of defendant's store. (Pl.'s Compl. ¶ 3.)

On February 15, 2006, defendant filed a notice of removal, pursuant to 28 U.S.C. § 1441, to remove plaintiff's state court action from the Porter Superior Court of Indiana to this court. (Def.'s Notice of Removal, docket # 3, at 1-2.) Defendant contended that its notice was filed within 30 days of first determining that the amount in controversy exceeds $75,000, and that, because the suit is also between diverse parties, the case was therefore properly removed. (Def.'s Notice of Removal ¶¶ 2-5.) Shortly thereafter, on February 28, 2006, plaintiff filed the present motion for remand, pursuant to 28 U.S.C. § 1447. (Pl.'s Mot. for Remand, docket # 7.) Plaintiff requests that the court send this case back to the Porter Superior Court on the basis that defendant failed to properly remove the suit to federal court within 30 days of receiving plaintiff's complaint and summons. (Pl.'s Mot. for Remand ¶ 6.) In response, defendant argues that its February 15, 2006, notice of removal was indeed timely under 28 U.S.C. § 1441(b), because the notice was filed within 30 days of receiving plaintiff's January 18, 2006, discovery documents– the documents from which defendant could first ascertain the amount in controversy. (Def.'s Resp. in Opp'n to Pl.'s Mot. for Remand (hereinafter "Def.'s Resp."), docket # 8, ¶ 5.)

## II. STANDARD OF REVIEW

The court should grant a motion for remand where there exists a defect in the removal procedure. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Removal

of actions from state court to federal court is governed by 28 U.S.C. § 1441, which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). In order to properly remove an action from state court to federal court, defendant must file a notice of removal within 30 days after service of the complaint. 28 U.S.C. § 1446(b). However, where defendant cannot determine if the case is removable at the outset, a notice of removal may be filed within 30 days after defendant receives "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* (emphasis added). Courts have construed the "other paper" requirement to include documents from state court proceedings, such as discovery depositions, interrogatory answers, and "any 'official papers' filed with the 'action sub judice' or given under 'oath' in connection with the action." *Hernandez v. Schering Corp.*, 2005 WL 1126911, at *2 (N.D. Ill. May 5, 2005) (internal citations omitted); *see also Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (interrogatories sufficient "other paper" under 28 U.S.C. § 1446(b*)); Gilardi v. Atchinson*, 189 F. Supp. 82, 85 (N.D. Ill. 1960) (discovery deposition sufficient "other paper" under 28 U.S.C. § 1446(b)).

The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating the complete diversity requirements at the time of removal. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Complete diversity exists

when the adverse parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party need not show that the plaintiff will prevail or that the plaintiff will collect more than $75,000 if plaintiff does prevail; rather, the burden is to show a reasonable probability that the jurisdictional amount is in controversy. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006).

**III. ANALYSIS**

Plaintiff asks the court to remand the case to the Porter Superior Court of Indiana on the grounds that defendant failed to file its notice of removal within 30 days of receiving plaintiff's complaint on November 4, 2005. (Pl.'s Mot. for Remand ¶ 6.) However, defendant purports that plaintiff's motion for remand ignores the second paragraph of 28 U.S.C. § 1446(b) which permits a party to properly remove an action within 30 days of first determining that the case is removable. (Def.'s Resp. ¶ 3.) Defendant contends that the starting point for the 30 day period is instead January 18, 2006– the date defendant received plaintiff's written discovery responses which first established a reasonable probability that the amount in controversy meets the $75,000 threshold. (Def.'s Resp. ¶¶ 5, 7.) Hence, the issue before the court is to determine whether plaintiff's November 4, 2005, complaint or plaintiff's January 18, 2005, discovery responses marked defendant's first opportunity to ascertain that the case could be heard in a federal court on the basis of diversity jurisdiction and thus commenced defendant's 30 day window to file for removal.

Although the face of a complaint is generally the first opportunity for a defendant to determine whether a case is removable, Indiana law prohibited plaintiff from praying for specific relief in her complaint. IND. TRIAL R. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand."); *see Rising-Moore*, 435 F.2d at 815. Plaintiff, therefore, did not enumerate damages in her complaint and only alleged that she "has suffered serious physical injury . . . [and] has also incurred medical expenses and will continue to incur medical expenses in the future." (Pl.'s Compl. ¶ 7.)

Defendant asserts that based upon plaintiff's general allegations, the case was not removable at the outset because there was not a reasonable probability of satisfying the amount in controversy requirement of diversity jurisdiction at that time. (Def.'s Resp. ¶ 4.) Defendant additionally explains that the complete insurance file for plaintiff's claim likewise did not contain any indication of the extent of plaintiff's medical expenses or the severity of plaintiff's injuries. (Def.'s Resp. ¶ 4.) Still, plaintiff's only offered starting point for the 30 day removal period is her November 4, 2005, complaint, which, as explained above, does not enumerate the damages sought or any other information to establish a reasonable probability that more than $75,000 is in controversy. (*See generally* Pl.'s Mot. for Remand; Pl.'s Compl.) The court, accordingly, concludes that defendant could not have reasonably determined that the case was removable upon receiving plaintiff's complaint and summons.

In contrast, defendant contends that a reasonable probability of satisfying the jurisdictional amount only became ascertainable on January 18, 2006, upon receiving plaintiff's discovery responses, and thus defendant properly removed the case to federal court by filing its notice of removal on February 15, 2006.[2] (Def.'s Resp. ¶ 5.) The January 18, 2006, discovery responses, which constitute sufficient "other paper" within the meaning of 28 U.S.C. § 1446(b), *see Hernandez*, 2005 WL 1126911, at *2, provide detail both as to the severity of plaintiff's injuries and the amount of expenses plaintiff incurred as a result of such injuries. (Def.'s Resp., Exs. B, C.) As part of her discovery responses, plaintiff submitted a Medical Summary that explained that she incurred $19,370.10 in medical expenses for her injuries. (Def.'s Resp., Ex. B.) Additionally, plaintiff's interrogatory responses revealed that plaintiff "received a torn medial meniscus of the left knee and a partial tear of [her] rotator cuff tendon with the tendonitis in [her] left shoulder." (Def.'s Resp., Ex. C ¶ 16.) The interrogatories further informed the defendant that plaintiff was hospitalized and underwent an "Arthroscopic meniscetormy" on her left knee as a result of the incident at defendant's store. (Def.'s Resp., Ex. C ¶ 17.) Plaintiff also identified three doctors who may testify as to her injuries, treatment, medical expenses, and "any permanency that may be the result of" her injuries. (Def.'s Resp., Ex. C ¶ 24.)

---

[2] Plaintiff has not filed a reply to defendant's response in opposition of plaintiff's motion for remand, and plaintiff has not disputed that the January 18, 2006, discovery responses established a reasonably probability that the jurisdictional amount is in controversy.

When defendant received these discovery responses on January 18, 2006, defendant could reasonably determine that more than $75,000 is in controversy, making the case removable. However, defendant did not have sufficient information until then. Thus, because defendant's receipt of plaintiff's discovery commenced defendant's 30 day window to remove the case to federal court, the court finds that defendant timely filed its February 15, 2006, notice of removal.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for remand is **DENIED**. (Docket # 7.)

**SO ORDERED.**

ENTER: April 19, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT